UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60228-CIV-UNGARO
MAGISTRATE JUDGE P. A. WHITE

GARY R. RIESS,                          :

        Plaintiff,                      :

v.                                      :          REPORT OF
                                                 MAGISTRATE JUDGE
IAN SKLAR, et al.,                      :           (DE#28 & 32)

        Defendants.                     :
_____

I.  Introduction

    The plaintiff, Gary Riess, currently confined in the Broward
County Main Jail, has filed a pro se civil rights complaint
pursuant to 42 U.S.C. §1983 [DE #1], and an amended complaint
(DE#32).  The plaintiff is proceeding in forma pauperis.

    This Cause is before the Court upon the Motion to Dismiss and
Stay filed by Defendants Ian Sklar and Steven Robson (DE#28), based
upon failure to state a claim, qualified immunity, and because
criminal charges are pending against Riess and the resolution may
preclude the suit. The plaintiff has filed a reply (DE#34)

II.  Analysis

    Pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure, a defendant may move to dismiss a complaint because the
plaintiff has failed to state a claim upon which relief may be
granted. See Fed.R.Civ.P. 12(b)(6). The complaint may be dismissed
if the plaintiff does not plead facts that do not state a claim to
relief that is plausible on its face. See Bell Atlantic Corp. v.
Twombly, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set

of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); Watts v. FIU, 495 F.3d 1289 (11 Cir. 2007).  While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 127 S.Ct. at 1964-65.  The rules of pleading do "not require heightened fact pleading of specifics . . . ."  The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

The facts in this case are as follow: The plaintiff alleges that on September 16, 2009, after "celebrating/partying" with his ex- wife, she took his car and keys. The plaintiff called 911 and reported the car stolen. BSO Deputies removed him from his house at gun point, demanding to know where the guns were, slammed him to the ground and cuffed him. He was placed in a police car and his truck searched. He escaped from the car, with people chasing him. He entered a house that appeared abandoned, crawled into a closet and passed out. He was found by police, kicked in the left side of his temple area and bitten by a K-9 dog.

He states that Deputy Sklar, the dog handler, permitted the dog to bite him, and Deputy Robson watched, laughing. He was taken to University Hospital suffering severe puncture wounds caused by the dog, and damage to his temple area. He was then released to the

Broward County Jail. They refused to accept him and sent him to Broward General Hospital, where he was treated. He states that because of the severeness of the injuries, the K-9 officer upgraded his charges and fabricated a story to justify use of excessive force. He claims he was injured while handcuffed and "so doped up his eyes were rolling in the back of his head" resulting from pain killers, Ectasy and LSD. He seeks compensatory and punitive damages against the officers and payment of medical bills.

### III. Sufficiency of complaint

Claims of excessive force by police officers are cognizable under 42 U.S.C. §1983, as are claims that officers who were present failed to intervene. Fundiller v. City of Cooper City, 777 F.2d 1436 (11 Cir. 1985). "[C]laims of excessive force are to be judged under the Fourth Amendment's 'objective reasonableness' standard." Brosseau v. Haugen, 543 U.S. 194, 197 (2004) (citing Tennessee v. Garner, 471 U.S. 1 (1985) and Graham v. Connor, 490 U.S. 386 (1989)). Thus, "[t]he question is whether the officer's conduct is objectively reasonable in light of the facts confronting the officer." Vinyard v. Wilson, 311 F.3d 1340, 1347 (11 Cir. 2002). In this respect, "[t]he 'reasonableness' of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight." Graham, 490 U.S. at 396. "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake." Id. at 396 (quotations omitted). This analysis "requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an

immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight." <u>Id.</u> at 396. In addition, other considerations include: "(1) the need for the application of force, (2) the relationship between the need and the amount of force used, (3) the extent of the injury inflicted and, (4) whether the force was applied in good faith or maliciously and sadistically." <u>Hadley v. Gutierrez</u>, 526 F.3d 1324, 1329 (11 Cir. 2008) (quotation omitted). In this respect, the Supreme Court has "recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it." <u>Graham</u>, 490 U.S. at 396.

The defendants' argument that the complaint fails to state a claim is unavailing at this early date. It was determined after a preliminary screening, that the plaintiff has raised sufficient facts to state a claim <u>against both officers jointly</u>, under the <u>Twombly</u> standard, and that the defendant police officers may have violated the plaintiff's Fourth Amendment rights by engaging in excessive force and causing physical injuries. Service was therefore ordered upon the officers.

The defendants' second argument is equally unavailing. They state that Riess has been charged with multiple criminal violations, including resisting an officer with violation, aggravated battery with a deadly weapon and aggravated assault on law enforcement and is awaiting trial. They argue that the case be stayed, pending the outcome of the trial, as it will impact upon this case.

The fact that Riess may have resisted arrest with violence does not invalidate a claim for use of excessive force. There may

4

be a period during an arrest when a defendant is subdued, and no further force is required. In this case, allowing a defendant to be attacked by a K-9 dog, once handcuffed is a claim separate and apart from the charges for which he stands trial.

Lastly, the defendants assert qualified immunity. The facts at this preliminary stage are insufficient to determine this issue at this time.

## IV.   Conclusion

For the reasons discussed above, it is recommended as follows:

1. The Defendant Motion to Dismiss/Stay (DE#28) be denied.

2. The plaintiff's motion to amend/supplement complaint (DE#32) which merely restates what his claim in the initial complaint should be denied as moot.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 29th day of April, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:  Gary Riess, Pro Se
     # 180900979
     Broward County Main Jail
     PO Box 9356
     Ft Lauderdale, FL
     Address of record

Gregg Toomey, Esq.
Henderson, Franklin, et al
Attorneys for the Defendants
Address of record