```
                                    UNITED STATES DISTRICT COURT
                                    SOUTHERN DISTRICT OF FLORIDA

                                    CASE NO. 10-60228-CIV-UNGARO
                                    MAGISTRATE JUDGE P. A. WHITE

GARY R. RIESS,                  :

       Plaintiff,               :

v.                              :         REPORT OF
                                          MAGISTRATE JUDGE
IAN SKLAR, et al.,              :

       Defendants.              :
_____
```

I. Introduction

The plaintiff, Gary Riess, currently confined in the Broward County Main Jail, has filed a pro se civil rights complaint pursuant to 42 U.S.C. §1983 [DE #1]. The plaintiff is proceeding in forma pauperis.

This Cause is before the Court upon a proposed amended complaint (DE#45) in which the plaintiff attempts to add six Broward County Sheriff deputies to this case, claiming unlawful search and seizure.

II. Analysis

As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

* * *

> (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> \* \* \*
>
> (B) the action or appeal –
>
> \* \* \*
>
> (i)  is frivolous or malicious;
>
> (ii) fails to state a claim on which relief may be granted; or
>
> (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001).  Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992).  Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6).  Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)").  In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. Arrington v. Cobb County, 139 F.3d 865, 872 (11 Cir. 1998).

Pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" Estelle v. Gamble, 429 U.S. 97, 106 (1979) (quoting Haines v. Kerner, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. Davis v. Monroe County Bd. Of Educ., 120 F.3d 1390, 1393 (11 Cir. 1997).

To determine whether a complaint fails to state a claim upon which relief can be granted, the Court must engage in a two-step inquiry. First, the Court must identify the allegations in the complaint that are not entitled to the assumption of truth. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Twombly applies to §1983 prisoner actions. See Douglas v. Yates, 535 F.3d 1316, 1321 (11 Cir. 2008). These include "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." Second, the Court must determine whether the complaint states a plausible claim for relief. Id. This is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." The plaintiff is required to plead facts that show more than the "mere possibility of misconduct." The Court must review the factual allegations in the complaint "to determine if they plausibly suggest an entitlement to relief." When faced with

alternative explanations for the alleged misconduct, the Court may exercise its judgment in determining whether plaintiff's proffered conclusion is the most plausible or whether it is more likely that no misconduct occurred.[1]

The facts in this case are as follow: The plaintiff alleges that on September 16, 2009, after "celebrating/partying" with his ex- wife, she took his car and keys. The plaintiff called 911 and reported the car stolen. BSO Deputies removed him from his house at gun point, demanding to know where the guns were, slammed him to the ground and cuffed him. He was placed in a police car and his truck searched. He escaped from the car, with people chasing him. He entered a house that appeared abandoned, crawled into a closet and passed out. He was found by police, kicked in the left side of his temple area and bitten by a K-9 dog.

As stated in the prior report the case is proceeding against Deputy Sklar, the dog handler, who allegedly permitted the dog to bite him, and Deputy Robson who alleged watched, laughing.

### III. Sufficiency of complaint

In this amended complaint the plaintiff alleges that Deputies Cavalier, Ragauskas, Hodgkinson, Jean, Lewis and Schwartz unlawfully searched his home and arrested him without consent. He includes a copy of a signed consent form to search signed by his "ex-wife-girlfriend", which he claims is not valid. However, on its face, it would appear that the officers had reason to believe they had a valid warrant to search the plaintiff's home.

---

[1] The application of the Twombly standard was clarified in Ashcroft v. Iqbal, 129 S.Ct. 1937 (2009).

4

Secondly, liberally construed, the plaintiff alleges that the officers conducted an improper search and seizure. These allegations challenge the constitutionality of any detention based on the charged crime and thus should not be considered at this time. See Heck v. Humphrey, 512 U.S. 477, 486-487 (1994). Pursuant to Heck, if a prisoner brings such claims in a civil rights action, the complaint must be dismissed unless and until the reason for the confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 512 U.S. at 486-487.

The Court notes that "[b]ecause an illegal search or arrest may be followed by a valid conviction, a successful §1983 action for alleged Fourth Amendment violations does not necessarily imply the invalidity of a conviction. As a result, Heck v. Humphrey, 512 U.S. 477, 486-487 (1994) does not generally bar such claims." Hughes v. Lott, 350 F.3d 1157, 1160 (11 Cir. 2003) (citations and quotations omitted). Because of doctrines like independent source and inevitable discovery, and especially harmless error, such a §1983 action, even if successful, might not necessarily imply that the plaintiff's conviction was unlawful. See Wallace v. Smith, 145 Fed.Appx. 300, 301-302 (11 Cir. 2005). Courts must look both to the claims raised under §1983 and to the specific offenses for which the §1983 claimant was convicted. Vickers v. Donahue, 137 Fed. Appx. 285 (11 Cir. 2005).

In this case, the plaintiff's allegations that the arresting officers conducted an illegal search and seizure are precisely the type of claims that are barred under Heck, as the factual basis for the plaintiff's constitutional claims would inevitably undermine

any conviction.  Accordingly, the plaintiff's claims do not qualify for the <u>Heck</u> exception for Fourth Amendment claims.  Because the plaintiff does not allege that any conviction, sentence or detention has been remedied by any of the procedures listed in <u>Heck</u>, his claims are premature and thus not cognizable under §1983 at this time.

The Court notes that in the defendants' motion to dismiss, they stated that Riess is facing multiple charges related to the above incident. Until those charges are resolved in the plaintiff's favor these claims are procedurally barred from review.

## IV.  <u>Conclusion</u>

For the reasons discussed above, it is recommended as follows:

The plaintiff's proposed amended complaint (DE#45) should be dismissed pursuant to 28 U.S.C. (e)(2)(B)(ii), for failure to state a claim, and barred by <u>Heck</u>.

Objections to this report may be filed with the District Judge within fourteen days of receipt of a copy of the report.

Dated at Miami, Florida, this 24th day of June, 2010.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Gary Riess, <u>Pro Se</u>
      # 180900979
      Broward County Main Jail
      PO Box 9356
      Ft Lauderdale, FL
      Address of record

6

Gregg Toomey, Esq.
Henderson, Franklin, et al
Attorneys for the Defendants
Address of record