UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-60228-CIV-UNGARO

GARY R. RIESS,

    Plaintiff,

IAN SKLAR, *et al.*,

    Defendants.
_____/

### ORDER ON MAGISTRATE JUDGE'S REPORT

THIS CAUSE is before the Court upon Plaintiff's Motion to Amend Complaint (D.E. 32), filed April 27, 2010 and upon Plaintiff's Proposed Amended Complaint, filed May 26, 2010 (D.E. 45). The cause was referred to Magistrate Judge Patrick A. White, who, on June 25, 2010, issued a Report recommending that Plaintiff's Proposed Amended Complaint be dismissed. (D.E. 51.)

THE COURT has considered the Motion and the Proposed Amended Complaint and the pertinent portions of the record and is otherwise fully advised in the premises.

By way of background, Plaintiff filed a *pro se* civil rights Complaint pursuant to 42 U.S.C. § 1983 on February 17, 2009. (D.E. 1.) In his Complaint, Plaintiff alleges that Defendants Sklar and Robson violated his Fourth Amendment right to be free from excessive force when they permitted a police dog to attack Plaintiff during the course of his arrest. (D.E. 1.) On May 13, 2010, Plaintiff filed a Motion to Amend Complaint. (D.E. 38.) Magistrate Judge White allowed Plaintiff to "file a 'proposed amended complaint', which will be reviewed by the Court." (D.E. 41.) Then on May 26, 2010, Plaintiff filed his Proposed Amended

Complaint, in which he seeks to add six Broward County Sheriff deputies as defendants to this case.

On June 25, 2010, the Magistrate Judge issued a Report recommending that Plaintiff's Proposed Amended Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)B)(ii) for failure to state a claim. (D.E. 51.) The parties were afforded the opportunity to file objections to the Magistrate Judge's Report; on July 9, 2010, Plaintiff filed objections to the Report. The Court reviewed Plaintiff's objections but ultimately was unable to determine the basis for his objections to the Magistrate Judge's Report.

The undersigned concurs with the Magistrate Judge's conclusion that Plaintiff should not be permitted to proceed on his "Proposed Amended Complaint." However, the Magistrate Judge did not previously grant Plaintiff's Motion for Leave to Amend Complaint but merely permitted Plaintiff to file a "*proposed* amended complaint" to "be reviewed by the court." (D.E. 41.) Thus, because Plaintiff's Proposed Amended Complaint was not filed with leave of the Court, it is not the operative complaint in this matter. The Magistrate Judge's Report thus mislabels its recommendation as one for dismissal rather than a recommendation that Plaintiff's Motion for Leave to Amend (D.E. 38) be denied. Accordingly, it is

ORDERED AND ADJUDGED that the Magistrate Judge's Report (D.E. 51) is RATIFIED, ADOPTED, and AFFIRMED to the extent that it recommends allowing Plaintiff to proceed on his original Complaint (D.E. 1). It is further

ORDERED AND ADJUDGED that Plaintiff's Motion for Leave to Amend Complaint (D.E. 38) is DENIED. Plaintiff's original Complaint (D.E. 1) remains the operative complaint in this action.

DONE and ORDERED in Chambers, at Miami, Florida this 19th day of July, 2010.

_____
URSULA UNGARO
UNITED STATES DISTRICT JUDGE

copies provided:
Gary R. Riess, *pro se*
Counsel of record